IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff,
DEPUTY BAST, Teller Sheriff,
DEPUTY ODELL, Teller Sheriff, and
DEPUTY MARTINEZ, Teller Sheriff,

Defendants.

_____

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following:

1.  Plaintiff's **Motion to Accept Response to Motion to Dismiss Out of Time** [Doc.

#47, filed 10/11/2012] (the "Motion"); and

2.  A letter filed by the plaintiff [Doc. #52, filed 01/03/2013] (the "Letter").

In his Motion, the plaintiff seeks leave to file (1) an untimely response to the defendants'

motion to dismiss and (2) an amended complaint.  In his Letter, the plaintiff requests that the

court grant his motion for leave to file an amended complaint.   The plaintiff's request to file a

response out of time is DENIED.  I respectfully RECOMMEND that his request to amend the

Complaint also be DENIED.

## MOTION TO FILE AN UNTIMELY RESPONSE
## TO DEFENDANTS' MOTION TO DISMISS

The defendants filed a motion to dismiss on April 27, 2012 [Doc. #18].  On May 1, 2012, the plaintiff requested and received an extension of time until May 30, 2012, to respond to the motion [Docs. ##19 and 23].

On May 21, 2012, the plaintiff filed a response to the motion to dismiss, which included a request to file an amended complaint [Doc. #25].  I denied without prejudice the plaintiff's motion to amend the complaint [Doc. #28] because under the Local Rules of this court "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."  D.C.COLO.LCivR 7.1C.  In addition, I informed the plaintiff that in order to amend his Complaint, he must attach to the motion a copy of the proposed amended complaint.  The defendants filed a reply in support of their motion to dismiss on May 31, 2012 [Doc. #30].

The plaintiff subsequently requested [Doc. #31] an extension of time "to answer Defendant's Motion to Dismiss and Reply in Support of Motion to Dismiss."  I granted the plaintiff an extension of time to July 19, 2012, to file an amended response to the motion to dismiss [Doc. #34].[1]

The plaintiff did not file an amended response on or before July 19, 2012.  Instead, he waited until August 6, 2012, to request an extension of time to October 1, 2012, to "complete his response to the defendantants [sic] Motion to dismiss and his amendment to his Prisoner Complaint" [Doc. #38].  In denying his motion to amend the Complaint, I stated:

---

[1]I did not permit the plaintiff to file a sur-reply to the defendants' reply in support of their motion.

> [T]he plaintiff has been instructed that any future attempts to
> amend the Complaint must comply with my order of May 29, 2012
> [Doc. #28].  He must file a motion to amend and attach to the
> motion a copy of the proposed amended complaint.  The plaintiff's
> request for an extension of time to amend the Complaint does not
> comply with my order, and it is denied.

*Order* [Doc. #40], p. 2.

In permitting the plaintiff an extension of time to file an amended response to the defendants' motion to dismiss, I warned the plaintiff that "[n]o further extensions will be granted."  On October 11, 2012, more than a month after his amended response was due, the plaintiff filed the instant Motion for another extension of time to respond to the motion to dismiss.  In addition, he requests leave to amend his Complaint and attaches a proposed amended complaint to the Motion.

The plaintiff states that he was prevented "from completing the response in a timely manner" because "during the time the response was due the facility was on lockdown and as a result the law library was closed."  *Motion*, ¶ 2.  The plaintiff does not provide the dates of the lockdown, nor does he explain in any detail why he could not submit a response from August 9, 2012 (the date of my order granting an extension), until September 3, 2012.  Indeed, he was able to file a statement regarding his trust fund account on August 13, 2012.  In addition, instead of filing a response on September 3rd or seeking additional time due to the alleged lockdown, he appealed my August 9th order to the Tenth Circuit Court of Appeals on September 7th [Doc. #42].  He waited until October 10th to submit an untimely amended response to the defendant's motion to dismiss.

Moreover, after the defendants responded to his motion to file a response out of time, the plaintiff argued that he was unable to file a timely response for entirely different reasons:

5.)  While the time to respond to the motion to dismiss was pending, the law library assistant left his job, leaving the Plaintiff with no access to the pleadings which were stored on the law library computers.

6.)  Additionally, no copies, paper, research materials, or envelopes were available to allow a timely filing of the response to enable the Plaintiff to comply with the filing requirements as set forth in the F.R.Civ.P.

*Response to Rebuttal to Defendant's Response Dated 11-01-12* [Doc. #51, ¶¶ 5-6.

The plaintiff's excuses for the late filing are incredible, and his request is denied.[2]

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The circuit court has "often found untimeliness alone a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."  Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994) (internal quotations and citation omitted).  "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."  Id. (internal quotations and citation omitted).

---

[2]The plaintiff's initial response to the defendants' motion to dismiss [Doc. #25] is extant.

I recommend that the plaintiff's motion to amend the Complaint be denied on the grounds of undue delay for the same reasons I have denied the plaintiff's request to file a response out of time.  The plaintiff has had ample time to submit a proper motion to amend and a proper proposed amended complaint.  He does not provide any reasonable explanation for his failure to do so.  The plaintiff first requested leave to amend his Complaint on April 27, 2012 [Doc. #19], almost six months before he filed his current proposed amended complaint.  The defendants' motion to dismiss has been pending since April 10, 2012.  Allowing the plaintiff to amend his Complaint would be the equivalent of starting over and would unduly delay this case.

In his Letter, the plaintiff requests that the court grant his motion for leave to file an amended complaint because on August 10, 2012, I issued an order [Doc. #40] denying his request for an extension of time to file a proposed amended complaint on the basis that I had already given him until July 19, 2012, to file it, and he never received that order [Doc. #34]. However, document #34 did not grant the plaintiff an extension of time to file an amended complaint; it granted an extension of time to file a response to the defendants' motion to dismiss. Moreover, as discussed above, in document #40 I denied the plaintiff's request to file a proposed amended complaint because he failed to comply with my previous order, not because he missed a July 19, 2012, deadline.

The Letter is also problematic because it is addressed to me.  The plaintiff certifies that he served a copy of the Letter on counsel for the defendants, but he also states that he did not serve copies of the attachments to the Letter on counsel.

The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to
> any proceeding shall send letters, pleadings or other papers or

5

> copies directly to a judicial officer.  Unless otherwise instructed, all
> matters to be called to a judicial officer's attention shall be
> submitted through the clerk, with copies served on all other parties
> or their attorneys.

D.C.COLO.LCivR 77.2.

Copies of *all* papers filed in this court must be served on counsel for the defendants in compliance with Fed. R. Civ. P. 5.  In addition, "[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  All papers filed in this court must have a caption containing the court's name,  the parties, a file number, and a title.  Fed. R. Civ. P. 10(a).  The plaintiff may not seek a court order through letters.

Finally, I find that the plaintiff is engaged in abusive litigation conduct.  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor
> unconditional, and there is no constitutional right of access to the
> courts to prosecute an action that is frivolous or malicious.  No
> one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

Instead of addressing the merits of the defendants' motion to dismiss, I have spent nearly half a year addressing the plaintiff's inability to provide the court with a proper and timely (1) response to defendants' motion to dismiss and (2) motion to amend his Complaint.  The plaintiff's contradictory excuses,  mischaracterization of the record, and failure to follow court orders are unnecessarily burdening the court.  The plaintiff must cease this inappropriate behavior.

IT IS ORDERED:

1.      The Motion [Doc. # 47]  is DENIED insofar as the Plaintiff requests to file an untimely response to the defendants' motion to dismiss;

2.      All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

3.      All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service;

4.      The plaintiff shall cease filing inappropriate papers; and

5.      Failure to comply with this order may result in sanctions, including dismissal of this action with prejudice.

FURTHER, I respectfully RECOMMEND[3] that the Motion [Doc. # 47] be DENIED to the extent the plaintiff requests leave to file an amended complaint.

Dated January 22, 2013.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).