IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff, and
DEPUTY ODELL, Teller Sheriff,

Defendants.
_____

# ORDER
_____

This matter arises on the following:

1. **Declaration of Alvin K. Miller** [Doc. #57, filed 01/23/2013];

2. A letter filed by the plaintiff [Doc. #58, filed 02/01/2013] (the "Letter");

3. **Declaration of Adam Monahan** [Doc. #71, filed 03/15/2013];

4. **Motion for Appointment of Counsel** [Doc. #73, filed 04/05/2013];

5. **Memorandum of Law in Support of Denial of Qualified Immunity** [Doc. #76, filed 04/08/13];

6. **Plaintiff's Response and Objection to the Defendants** [sic] **Answer** [Doc. #77, filed 04/09/2013];

7. **Motion for Stay of Proceeding and Enlargement of Time** [Doc. #78, filed 04/09/2013]; and

8. **Motion for (14) Fourteen Day Enlargement of Time to File Response(s) Related to Discovery and Answers of Defendants Lusk and Odell** [Doc. #80, filed 04/09/2013].

In their declarations [Docs. ##57 and 71], Alvin Miller and Adam Monahan attest to facts relating to the plaintiff's claims. However, there are no motions pending regarding the claims. The plaintiff may not simply file evidence. He must submit it in support of an appropriate motion , a response to a motion, or at trial. The declarations are stricken.

The Letter [Doc. #58] is addressed to me, and it states that the plaintiff requested "settlement talks" with defense counsel. Attached to the Letter is a copy of a correspondence from the plaintiff to defense counsel which requests "settlement talks." Settlement discussions between the parties are generally not matters for the public record. The Letter is stricken.

In his Motion for Appointment of Counsel [Doc. #73], the plaintiff requests that the court appoint counsel to represent him in this matter. The plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Counsel cannot be appointed and paid pursuant to 28 U.S.C. § 1915(e)(1) for this type of case. I do, however, have broad discretion to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. See DiCesare v. Stuart, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, I consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims. See Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

Here, the plaintiff's Complaint adequately presents his claims. The factual and legal issues raised by the plaintiff's claims are not complex. In addition, the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. Consequently, the Motion for Appointment of Counsel is denied.

In his Memorandum of Law in Support of Denial of Qualified Immunity [Doc. #76] and his Response and Objection to the Defendants [sic] Answer [Doc. #77], the plaintiff replies to the defendants' Answer. The Federal Rules of Civil Procedure provide that there shall be a complaint and answer. Fed.R.Civ.P. 7(a). Further pleadings are prohibited except that the court may order a reply to an answer. Id. The court has not ordered a reply, and my review of the pleadings shows that a reply is not necessary. The Memorandum of Law in Support of Denial of Qualified Immunity [Doc. #76] and Plaintiff's Response and Objection to the Defendants [sic] Answer [Doc. #77] are stricken.

In his Motion for Stay of Proceeding and Enlargement of Time [Doc. #78], the plaintiff requests that the case be stayed for 60 days to allow him to file a motion for appointment of counsel with the court. The plaintiff has already filed a motion for appointment of counsel, which I have denied in this order. The Motion for Stay of Proceeding and Enlargement of Time [Doc. #78] is denied.

The Motion for (14) Fourteen Day Enlargement of Time to File Response(s) Related to Discovery and Answers of Defendants Lusk and Odell [Doc. #80] is obtuse. It appears that the plaintiff is seeking an enlargement of time to file a "response(s)" to the defendants' discovery responses." It is not appropriate to file responses to discovery. To the extent the plaintiff seeks to compel disclosures or discovery, he has already filed a motion to compel pursuant to Rule 37, Fed.R.Civ.P. The Motion for (14) Fourteen Day Enlargement of Time to File Response(s) Related to Discovery and Answers of Defendants Lusk and Odell [Doc. #80] is denied.

Finally, I have previously ordered the plaintiff to cease filing inappropriate papers [Doc. #53]. He subsequently filed five inappropriate papers that have been stricken in this order. The

plaintiff shall cease filing inappropriate papers.  Failure to do so will result in sanctions, including dismissal of the Complaint with prejudice.

IT IS ORDERED:

1. Documents ## 57, 58, 71, 76, and 77 are STRICKEN;

2. Documents ## 73, 78, and 80 are DENIED; and

3. The plaintiff shall cease filing inappropriate papers.  Failure to comply with this order may result in sanctions, including dismissal of this action with prejudice.

Dated April 10, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge