IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff, and
DEPUTY ODELL, Teller Sheriff,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions filed by the plaintiff:

(1) **Motion for Enlargement of Time and Request for Assistance from the Court** [Doc. #102, filed 06/13/2013] (the "First Motion for Enlargement"); and

(2) **Motion for an Enlargement of Time on the Discovery Deadline, and/or a Stay of Proceedings** [Doc. #114, filed 07/25/2013] (the "Second Motion for Enlargement").

**First Motion for Enlargement [Doc. #102]**

The plaintiff seeks an enlargement of at least 30 days to "secure expert witnesses and rebuttal witnesses"; an enlargement of time to "comply with any other orders pending in this case"; the court's assistance in securing expert and rebuttal witnesses; and "a revisiting of appointment of counsel." The plaintiff was originally required to designate his experts on June 3, 2013, and his rebuttal experts on July 2, 2013. The plaintiff sought [Doc. #97] and received [Doc. #99] an extension until June 17, 2013, and July 17, 2013, respectively. The plaintiff states that he needs at least 30 days more to designate experts because "he has no idea how to obtain

expert witnesses when he has no money." *First Motion for Enlargement*, ¶ 4.  He requests that the court assist him in securing several experts.  The court does not provide (or assist in providing) expert witnesses for litigants.  In addition, the court will not grant a blanket extension of time to comply with unidentified orders.  Finally, to the extent the plaintiff seeks reconsideration of my order denying his request for appointment of counsel [Doc. #83], he has not provided any facts or argument to warrant reconsideration.  The First Motion for Enlargement is denied.

### Second Motion for Enlargement [Doc. #114]

The plaintiff seeks to extend the discovery deadline by "at least 45 days" or, in the alternative, a stay of the case.  The plaintiff does not provide any competent reason to stay the case.  The plaintiff states that in Document #87, he apprised the court that he has been placed on medications that cause him "confusion and communication issues."  *Second Motion for Enlargement*, ¶ 6.  However, since filing Document #87, he has filed numerous letters, motions, and objections.  The plaintiff also complains that he is incarcerated, is proceeding *pro se*, and is unable to understand the law.  The plaintiff's *pro se* prisoner status does not excuse his obligation to comply with rules and deadlines.  E.g.  Oklahoma Federated Gold and Numismatics v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994).

By separate order, I have directed the defendants to produce additional documents to the plaintiff on or before September 9, 2013.  Accordingly, the Scheduling Order [Doc. #60] is modified as follows: the Discovery Cut-Off is extended to September 10, 2013; the Dispositive Motions Deadline is extended to October 10, 2013; and the Final Pretrial Conference is vacated.

IT IS ORDERED:

    (1)  The First Motion for Enlargement [Doc. #102] is DENIED; and

    (2)  The Second Motion for Enlargement [Doc. #114] is GRANTED to extend the Discovery Cut-Off to September 10, 2013; extend the Dispositive Motions Deadline to October 10, 2013; and vacate the Final Pretrial Conference.  It is DENIED in all other respects.

Dated August 26, 2013.

                            BY THE COURT:

                            s/ Boyd N. Boland
                            United States Magistrate Judge