IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff, and
DEPUTY O'DELL, Teller Sheriff,

Defendants.

_____

## ORDER
_____

This matter arises on the following motions filed by the plaintiff:

(1)  **Plaintiff's Reply and Objection to Defendant's Violation(s) of Fed.R.Civ.P.**

**Rule 26 and Discovery Requests and Request for Sanctions Pursuant to Fed.R.Civ.P. Rule**

**37** [Doc. #79, filed 04/09/2013] (the "Motion to Compel"); and

(2)  **Motion for Leave to Reply to the Defendants' Objection to the Plaintiff's**

**Discovery Request** [Doc. #115, filed 07/25/2013] (the "Motion for Leave to Reply").

The Motion to Compel is GRANTED IN PART and DENIED IN PART.  The Motion for

Leave to Reply is DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff is currently incarcerated by the Colorado Department of Corrections at the Fremont Correctional Facility. He filed his Prisoner Complaint on January 30, 2012 [Doc. #4] (the "Complaint"). At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated at the Teller County Jail.

The Complaint asserts one claim against each defendant for excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Claim One alleges that on February 28, 2011, defendant Deputy O'Dell used excessive force against the plaintiff while outside of a courtroom. Claim Three alleges that on November 19, 2011, defendant Corporal Lusk used excessive force against the plaintiff in the area of his housing unit.[1]

The plaintiff seeks to compel production of documents that he initially sought in Plaintiff's First Request for Production of Documents to All Defendants. The defendants responded to the plaintiff's initial request and also provided supplemental responses in an attempt to address issues set forth in the Motion. I am fully informed in the matter, and the plaintiff's Motion for Leave to Reply is denied.

### Request for Production No. 1

Request No. 1 seeks all documents concerning the incidents described in the Complaint including reports/forms describing the incidents; incident reports; "citations, write ups, or other rule infractions" based on the incidents by any party; and statements or interviews of witnesses and other persons "who had any role or contact with the case." *Motion*, p. 2; *Response to "Plaintiff's Reply and Objection to Defendant's Violation(s) of Fed.R.Civ.P. Rule 26 and*

---

[1]The claims against defendants Bast and Martinez have been dismissed [Docs. ##54 and 70].

*Discovery Requests and Request for Sanctions Pursuant to Fed.R.Civ.P. Rule 37*" [Doc. #89]

(the "Response"), Doc. #89-2,[2] pp. 2-3.

The defendants provided responsive documents, but objected to the request because it "includes materials that may not be released due to security concerns, including confidential witness statements." *Response*, Doc. #89-2, p. 3.  The defendants provided additional documents in their supplemental response, but did not waive the objection.  Id. at Doc. #89-3, p. 3.  The plaintiff argues that the "confidential informants are potential witnesses" and "are needed to develop testimony at trial." *Motion*, p. 3.  The defendants have not provided any description of the documents they have withheld, nor have they explained why the documents present a "security concern."

Documents may not be withheld based on blanket claims of security.  The information sought in Request No. 1 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence.  The plaintiff's Motion is granted as to Request No. 1.  The defendants shall produce all responsive documents.

### Request for Production No. 2

In Request No. 2, the plaintiff seeks all documents that comprise the defendants' personnel files "concerning your hiring, training duties, performance, assignments, and mental and physical condition." *Motion*, p. 3; *Response*, Doc. #89-2, p. 3.  The defendants objected on the bases that the request was overbroad and sought information that was not calculated to lead to the discovery of admissible information.  Nevertheless, the defendants provided in their supplemental response the training records for both defendants and a job description for

---

[2]Citation is to the page numbers of the Response as they are assigned by the court's docketing system.

defendant Lusk.  A job description for defendant O'Dell has been requested and will be provided to the plaintiff upon receipt.  *Response*, Doc. #89-2, pp. 3-4; Doc. #89-3, pp. 3-4.

The plaintiff's request is overbroad, and it is not relevant to the plaintiff's claims for excessive force, nor is it reasonably calculated to lead to the discovery of admissible evidence.  I will not compel any further response from the defendants.

### Request for Production No. 3

Request No. 3 seeks all documents regarding formal and informal complaints against the defendants from any source "and concerning any subject matter."  This request includes:

a.   documents concerning all complaints and other disciplinary or police review of activities by the Internal Affairs Bureau;

b.   the complete documents concerning each incident listed on your disciplinary record;

c.   the complete documents concerning all complaints and other disciplinary or internal police review of activities maintained by the Teller County Sheriff's Department of Teller County; and

d.   all information contained in the computers maintained by the Internal Affairs Bureau of the Teller County Sheriff's department, including but not limited to the information which is retrievable electronically, or by computer codes.

*Motion*, pp. 5-6; *Response*, Doc. #89-2, p. 4.

The request is overbroad on its face, and I will not compel the defendants to respond to it.

### Request for Production Nos. 4 and 5

Request No. 4 seeks "all police materials" relevant to the incidents including customs, practices, policies and procedures for the discipline of officers; discipline for the violation of Constitutional rights; reporting and evaluation of inmate complaints; and "the procedure for any of the aforementioned police activity mentioned in the complaint."  In Request No. 5, the

4

plaintiff seeks the policies and procedures that were in effect at the time of the incidents. *Motion*, pp. 7-8; *Response*, Doc. #89-2, p. 5.

The defendants objected to the request as unduly burdensome; overbroad to the extent it seeks information not related to the plaintiff's claims; not calculated to lead to the discovery of admissible information; and because it "may also cover materials which may not be produced as they involve details concerning other inmates and present security concerns." Without waiving the objection, the defendants initially produced the Teller County Jail Inmate Handbook. *Response*, Doc. #89-2, p. 5. In their supplemental response, the defendants attached "policies of the Teller County Sheriff's Office determined to be potentially relevant to Plaintiff's claims." Id. at Doc. #89-3, p. 5. The defendants provided the plaintiff with policies on Inmate & Staff Communications; Standards of Conduct; Staff Training Programs; General Management of Inmates; Use of Force; Inmate Discipline; Fights & Assault Precautions; Inmate Rights; and Inmate Grievance Procedure. Id.

Requests No. 4 and 5 are unduly burdensome and overbroad. The defendants' response is sufficient, and I will not compel any further response.

### Request for Production Nos. 7, 8, 9, and 10

Request No. 7 seeks annual reports of the Internal Affairs division for the last five years or internal reports made to the police chief or head sheriff. Request No. 8 requests a listing of the complaints made against Teller County "by type and disposition" for the last five years. Request No. 9 seeks investigation case files of any complaint lodged against any named defendant in the last five years. Request No. 10 seeks any audits or reviews by the department or county. *Motion*, pp. 9-11; *Response*, Doc. #89-2, p. 6.

5

These requests are an abuse of the discovery process.  They are unduly burdensome, overbroad, and other than reports or complaints related to the allegations of the Complaint (which are covered by Request No. 1), the requests are not relevant to the plaintiff's claims for excessive force and are not calculated to lead to the discovery of admissible evidence.

### Request for Production Nos. 11, 12, and 13

Request No. 11 seeks the "investigatory file of the incident(s) in the complaint."  Request No. 12 seeks reports of all officers involved in the incidents, and Request No. 13 seeks reports of all witnesses to the incidents.  *Motion*, pp. 11-12; *Response*, Doc. #89-2, p. 7.  The requests are redundant of Request No. 1 (which seeks all documents concerning the alleged incidents of excessive force), and the defendants shall produce all documents responsive to this request as directed in my order regarding Request No. 1.

### Request for Production No. 14

In Request No. 14, the plaintiff seeks recordings of any interviews with police officers involved in the incidents.  *Motion*, p. 12; *Response*, Doc. #89-2, p. 7.  The defendants objected, stating that "at this time it is not believed that any interviews were recorded concerning the incidents."  *Response*, Doc. #89-2, p. 8.  The defendants cannot be compelled to produce materials that do not exist.

### Request for Production No. 15

Request No. 15 seeks any photographs of the plaintiff's injuries.  *Motion*, p. 13; *Response*, Doc. #89-2, p. 7.  The defendants objected to the request as unduly burdensome and overbroad, and referred the plaintiff to their response to Request No. 1.  *Response*, Doc. #89-2, p. 8; Doc. #89-3, p. 8.

6

The request is neither burdensome nor overbroad.  To the extent the defendants possess

any photographs of injuries incurred by the plaintiff as a result of the excessive force alleged in

Claims One and Three of the Complaint, and to the extent the defendants have not already

produced such photographs, the defendants shall produce them.

### Request for Production Nos. 16, 17 and 18

Requests Nos. 16, 17, and 18 seek, respectively, "[a] report of the investigating officer

providing a recommendation to the head of the Internal Affairs Division"; "[a] report noting the

decision of the head of the Internal Affairs"; and "[a] report indicating the decision of the

sheriff's department chief."  *Motion*, pp.. 13-14; *Response*, Doc. #89-2, p. 8.  The defendants

objected to the requests on several bases and referred the plaintiff to their response to Request

No. 1.  The requests are redundant of Request No. 1 (which seeks all documents concerning the

alleged incidents of excessive force), and the defendants shall produce all documents responsive

to this request as directed in my order regarding Request No. 1.

### Request for Production No. 25

Request No. 25 seeks the last known address of every inmate who was housed in the

same pod as the plaintiff during the incidents or "who lived in any pod or living unit quarters

who may have witnessed the events described in the complaint."  *Motion*, p. 18; *Response*, Doc.

#89-2, p. 12.

The request is overbroad and not calculated to lead to the discovery of admissible

information insofar as it seeks information related to the February 28, 2011, involving defendant

Deputy O'Dell.  That incident took place outside of a courtroom, not at the Teller County Jail.

In addition, the defendants state that this information is no longer available for the date of February 28, 2011. *Response*, Doc. #89-3, p. 10.

To the extent the plaintiff seeks information regarding the incident on November 19, 2011, the defendants state that they are able to compile a list of the inmates housed in the plaintiff's pod on that date. *Response*, Doc. #89-3, p. 10. However, they objected to the request on the basis that it "may also cover materials which may not be produced as they [sic] involve details concerning other inmates, not parties to this action, and present security concerns." Id. As with Request No. 1, the defendants do not explain their security concerns.

The defendants also argue that "these inmates are not parties to this matter and Defendants have declined to provide this information to Plaintiff as it is believed that these inmates may have a privacy interest in not having their information disclosed to Plaintiff." *Response*, p. 17. However, absent some showing that the inmates have taken measures to keep their names and addresses private, the defendants' claim of a privacy interest is unsupported.

The information regarding the November 19, 2011, incident is relevant and reasonably calculated to lead to the discovery of admissible evidence. The Motion is granted as to the November 19, 2011, incident.

### Remaining Requests for Production

On February 5, 2013, I entered a Scheduling Order which limits discovery to 25 requests for production of documents per side [Doc. #60]. Contrary to my order, the plaintiff served 38 requests for production of documents on the defendants. The defendants were under no obligation to respond to the additional requests, and I will not compel any further responses to them.

**Request for Sanctions**

The plaintiff requests sanctions against the defendants pursuant to Rule 37(a)(3)(A), Fed.R.Civ.P., based on the defendants' failure to provide adequate responses to his requests for production of documents.  However, Rule 37(a)(3)(A) pertains to a party's failure to make disclosures required by Rule 26(a).  Actions brought by *pro se* prisoners are exempt from initial disclosures under Rule 26.  Fed.R.Civ.P. 26(a)(1)(B)(iv).

Rule 37(a)(5)(C) is the applicable rule under the circumstances of this case.  The rule provides that if a motion to compel discovery is granted in part and denied in part, the court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.  Here, the defendants made a reasonable effort to provide appropriate discovery responses, and I will not impose sanctions against them.

IT IS ORDERED:

(1)   The Motion [Doc. #79] is GRANTED IN PART and DENIED IN PART in accordance with this order;

(2)   The Motion for Leave to Reply is DENIED [Doc. #115]; and

(3)   On or before **September 9, 2013**, the defendants shall produce to the plaintiff all documents that are responsive to Requests Nos. 1, 11, 12, 13, 15, 16, 17, 18, and Request No. 25 to the extent it seeks information regarding the November 19, 2011, incident.

Dated August 26, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge