IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff, and
DEPUTY O'DELL, Teller Sheriff,

Defendants.
_____

**ORDER DENYING MOTION TO AMEND
AND ORDER TO SHOW CAUSE**
_____

This matter arises on the plaintiff's **Motion for Leave to Amend Complaint** [Doc. #107, filed 07/03/2013] (the "Motion to Amend"). The Motion to Amend is DENIED, and the plaintiff shall show cause why the Complaint should not be dismissed with prejudice for failure to comply with orders of this court.

The plaintiff seeks leave to amend his Complaint to add claims and defendants. The plaintiff has previously filed several motions to amend his Complaint, and I have found that he is engaged in abusive litigation conduct.

On May 21, 2012, the plaintiff filed a response to the defendants' motion to dismiss which he also sought leave to file an amended complaint [Doc. #25]. The proposed amended complaint was included in the text of his motion. On May 29, 2012, I denied without prejudice [Doc. #28] the motion to amend the Complaint, stating:

> The plaintiff must attach to the motion his proposed amended complaint, which must be on the court's form. "A pro se party

> shall use the forms established by this court to file an action."
> D.C.COLO.LCivR 8.1A. The plaintiff may not incorporate by
> reference his original Complaint into the proposed amended
> complaint. The proposed amended complaint must stand alone; it
> must contain all of the plaintiff's claims. Mink v. Suthers, 482
> F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended
> complaint supercedes an original complaint and renders the
> original complaint without legal effect").

*Order dated May 29, 2012 [Doc. #28].* I ordered that "[a]ny future attempts to amend the

Complaint shall comply with this order." Id.

My order notwithstanding, the plaintiff subsequently filed a motion to amend the

Complaint [Doc. #38] without attaching a proposed amended complaint. I denied the motion,

stating:

> [T]he plaintiff has been instructed that any future attempts to
> amend the Complaint must comply with my order of May 29, 2012
> [Doc. #28]. He must file a motion to amend and attach to the
> motion a copy of the proposed amended complaint. The plaintiff's
> request for an extension of time to amend the Complaint does not
> comply with my order, and it is denied.

*Order* [Doc. #40], p. 2.

On October 11, 2012, the plaintiff again sought leave to amend the Complaint [Doc.

#47], this time attaching a proposed amended complaint. I recommended that the motion be

denied on the grounds of undue delay:

> The plaintiff has had ample time to submit a proper motion to
> amend and a proper proposed amended complaint. He does not
> provide any reasonable explanation for his failure to do so. The
> plaintiff first requested leave to amend his Complaint on April 27,
> 2012 [Doc. #19], almost six months before he filed his current
> proposed amended complaint. The defendants' motion to dismiss
> has been pending since April 10, 2012. Allowing the plaintiff to
> amend his Complaint would be the equivalent of starting over and
> would unduly delay this case.

*Order and Recommendation of United States Magistrate Judge* [Doc. #53].

I also found that the plaintiff is engaged in abusive litigation conduct:

> Instead of addressing the merits of the defendants' motion to dismiss, I have spent nearly half a year addressing the plaintiff's inability to provide the court with a proper and timely (1) response to defendants' motion to dismiss and (2) motion to amend his Complaint. The plaintiff's contradictory excuses, mischaracterization of the record, and failure to follow court orders are unnecessarily burdening the court. The plaintiff must cease this inappropriate behavior.

Id.

I ordered the plaintiff to cease filing inappropriate papers, and I warned him that failure to comply with my order could result in sanctions, including dismissal of the Complaint with prejudice. Id. The district judge adopted my Recommendation on March 11, 2013 [Doc. #70].

The plaintiff subsequently filed five inappropriate papers which I struck on April 10, 2013 [Doc. #83]. I again ordered the plaintiff to cease filing inappropriate papers, and I again warned him that failure to do so would result in sanctions, including dismissal of this case with prejudice.

The plaintiff now seeks leave to amend the Complaint to add claims and defendants that he has identified through the discovery process. Despite my previous orders, he has not attached to the Motion a copy of the proposed amended complaint.

Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:[1]

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge

---

[1] The plaintiff requested [Doc. #61] and was mailed [Doc. #62] a copy of the Local Rules.

>     exercising consent jurisdiction may enter an order of dismissal
>     with or without prejudice.

I am aware that the plaintiff is proceeding *pro se* and that his pleadings are entitled to a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, his *pro se* status does not excuse him from following the same rules of procedure and orders of the court that govern other litigants. E.g. Oklahoma Federated Gold and Numismatics v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994).

IT IS ORDERED:

(1)  The Motion to Amend [Doc. #107] is DENIED;

(2)  Any future attempts to amend the Complaint must comply with my previous orders. Failure to do so will result in sanctions, including dismissal of this action with prejudice; and

(3)  The plaintiff shall show cause, if any there be, in writing and on or before **September 20, 2013**, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to follow my orders regarding the filing of a proposed amended complaint and inappropriate papers. Failure to show cause on or before September 20, 2013, will result in my recommendation that this case be dismissed with prejudice.

Dated August 26, 2013.

>                     BY THE COURT:
>
>                      s/ Boyd N. Boland
>                     United States Magistrate Judge