IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff, and
DEPUTY O'DELL, Teller Sheriff,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

_____

This matter arises in connection with my Order to Show Cause [Doc. #107].  I

respectfully RECOMMEND that the plaintiff's Complaint be dismissed with prejudice for

failure to comply with orders of this court.

On May 21, 2012, the plaintiff filed a response to the defendants' motion to dismiss in

which he also sought leave to file an amended complaint [Doc. #25].  The proposed amended

complaint was included in the text of his motion. On May 29, 2012, I denied without prejudice

[Doc. #28] the motion to amend the Complaint and stated that the plaintiff must file a separate

motion to amend.  I further stated:

> The plaintiff must attach to the motion his proposed amended
> complaint, which must be on the court's form. "A pro se party
> shall use the forms established by this court to file an action."
> D.C.COLO.LCivR 8.1A. The plaintiff may not incorporate by
> reference his original Complaint into the proposed amended
> complaint. The proposed amended complaint must stand alone; it
> must contain all of the plaintiff's claims. Mink v. Suthers, 482
> F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended

complaint supercedes an original complaint and renders the
original complaint without legal effect").

*Order dated May 29, 2012 [Doc. #28].*  I ordered that "[a]ny future attempts to amend the

Complaint shall comply with this order."  Id.

My order notwithstanding, the plaintiff subsequently filed a motion to amend the

Complaint [Doc. #38] without attaching a proposed amended complaint.  I denied the motion,

stating:

> [T]he plaintiff has been instructed that any future attempts to
> amend the Complaint must comply with my order of May 29, 2012
> [Doc. #28].  He must file a motion to amend and attach to the
> motion a copy of the proposed amended complaint.  The plaintiff's
> request for an extension of time to amend the Complaint does not
> comply with my order, and it is denied.

*Order* [Doc. #40], p. 2.

On October 11, 2012, the plaintiff again sought leave to amend the Complaint [Doc.

#47], this time attaching a proposed amended complaint.  I recommended that the motion be

denied on the grounds of undue delay:

> The plaintiff has had ample time to submit a proper motion to
> amend and a proper proposed amended complaint.  He does not
> provide any reasonable explanation for his failure to do so.  The
> plaintiff first requested leave to amend his Complaint on April 27,
> 2012 [Doc. #19], almost six months before he filed his current
> proposed amended complaint.  The defendants' motion to dismiss
> has been pending since April 10, 2012.  Allowing the plaintiff to
> amend his Complaint would be the equivalent of starting over and
> would unduly delay this case.

*Order and Recommendation of United States Magistrate Judge* [Doc. #53].

I also found that the plaintiff is engaged in abusive litigation conduct:

> Instead of addressing the merits of the defendants' motion to
> dismiss, I have spent nearly half a year addressing the plaintiff's

2

> inability to provide the court with a proper and timely (1) response
> to defendants' motion to dismiss and (2) motion to amend his
> Complaint.  The plaintiff's contradictory excuses,
> mischaracterization of the record, and failure to follow court orders
> are unnecessarily burdening the court. The plaintiff must cease this
> inappropriate behavior.

Id.

I ordered the plaintiff to cease filing inappropriate papers, and I warned him that failure

to comply with my order could result in sanctions, including dismissal of the Complaint with

prejudice.  Id.  The district judge adopted my Recommendation on March 11, 2013 [Doc. #70].

The plaintiff subsequently filed five inappropriate papers which I struck on April 10,

2013 [Doc. #83].  I again ordered the plaintiff to cease filing inappropriate papers, and I again

warned him that failure to do so would result in sanctions, including dismissal of this case with

prejudice.

On July 3, 2013, the plaintiff sought leave to amend his Complaint [Doc. #107] to add

claims and defendants that he states he identified through the discovery process.  Despite my

previous orders, he did not attach to the motion a copy of the proposed amended complaint.

Local Rule of Practice 41.1, D.C.COLO.LCivR., provides:[1]

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order.  If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

Pursuant to Rule 41.1, I ordered the plaintiff to show cause why this case should not be

dismissed for failure to follow my orders regarding the filing of a proposed amended complaint

---

[1]The plaintiff requested [Doc. #61] and was mailed [Doc. #62] a copy of the Local Rules.

and inappropriate papers.  I warned the plaintiff that failure to show cause would result in my recommendation that this case be dismissed with prejudice.

The plaintiff's response does not show good cause for his failure to comply with my orders.  The plaintiff asserts that his behavior is due to the "severe lack of legal assistance given at the Teller County Jail" where he was initially incarcerated, then to the "very limited and restricted access to the law library at the Limon Correctional Facility" where he was later transferred.  *Plaintiff's Response to Order to Show Cause* [Doc. #126], p. 2.  He also states that he is "under the influence of extremely potent psycotropic mediation, and among other mental health issues, Plaintiff has been diagnosed with mild motor retardation" and he "was truly unable to understand the proper procedures to follow in prosecuting his civil rights complaint."  Id. These arguments are unconvincing given the numerous coherent and responsive papers filed by the plaintiff since this case was initiated.

I have made it abundantly clear to the plaintiff that he must file a motion to amend and attach to the motion a copy of the proposed amended complaint in order to amend his Complaint, and I have repeatedly ordered the plaintiff to cease filing inappropriate papers.  The plaintiff has simply ignored my orders.  Moreover, the plaintiff has failed to show good cause for his noncompliance with my orders.  Therefore, the court may dismiss the action with prejudice pursuant to Rule 41.1.[2]

---

[2]I am aware that the plaintiff is proceeding *pro se* and that his pleadings are entitled to a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, his *pro se* status does not excuse him from following the same rules of procedure and orders of the court that govern other litigants.  E.g. Oklahoma Federated Gold and Numismatics v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994).

Before imposing dismissal with prejudice as a sanction, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the defendants have been prejudiced because this case has been substantially delayed by the plaintiff's abusive litigation conduct. In addition, the plaintiff's misconduct has interfered with the judicial process. Instead of addressing the merits of this case, I am addressing the plaintiff's failure to comply with my orders.

The plaintiff obviously is culpable. I have provided him with clear and simple directives regarding how to amend his complaint, and I have repeatedly ordered him to cease filing inappropriate papers. Nevertheless, the plaintiff ignored my orders, and he is unable to show good cause for his noncompliance.

The plaintiff was warned that his failure to comply with my orders could result in dismissal of the case with prejudice. In addition, I warned the plaintiff that I would recommend dismissal of this action with prejudice if he did not show good show cause for his failure to follow my orders. Thus, he has received adequate warning that dismissal of the action would be a likely sanction for noncompliance.

A sanction less than dismissal with prejudice would not be effective.  The plaintiff is proceeding *in forma pauperis* [Doc. #6], and a monetary sanction would be ineffective.  The plaintiff has ignored unambiguous orders and he has failed to show cause for his conduct.  The plaintiff's conduct demonstrates a lack of respect for the court and the judicial system.  Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's failure to comply with orders of this court.[3]

Dated September 25, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).