IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-03365-RBJ-BNB

DANIEL BRENT MILLER,

    Plaintiff,

v.

CORPERAL LUSK, Teller Sheriff,
DEPUTY BAST, Teller Sheriff,
DEPUTY ODELL, Teller Sheriff, and
DEPUTY MARTINEZ, Teller Sheriff,

    Defendants.

## ORDER

This case is before the Court on the recommendation of United States Magistrate Judge Boyd N. Boland that this case be dismissed with prejudice. [ECF No. 130]. The motion is granted.

**STANDARD OF REVIEW**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In this instance a timely objection was not filed.

By way of further explanation, the magistrate judge's recommendation at issue was issued on September 25, 2013. It included an advisement regarding the parties' right to file written objections within 14 days after service and a warning that failure to do so waives *de novo*

review.  Recommendation [ECF No. 130] at 6 n.3.  No objections were filed within that time period.

Mr. Miller filed an untimely motion for an enlargement of time to file an objection on October 28, 2013.  [ECF No. 139].  He stated that a series of lockdowns during October 2013 at the Fremont Correctional Facility of the Colorado Department of Corrections, where he was then an inmate and also a new movement schedule implemented by the facility on October 15, 2013, had interfered with his ability to access the law library and, therefore, his preparation of an objection.  He requested an additional 30 days, to November 24, 2013, to file an objection.  *Id.* at 2.

On October 30, 2013 this Court denied the motion, noting that his excuses were not credible.  [ECF No. 140].  Nevertheless, the Court *sua sponte* granted an additional 17 days (the 14 days normally allowed for the filing of an objection plus three days to account for service) from the date of the filing of his motion for an enlargement, i.e., to November 14, 2013.  The Court expressly warned Mr. Miller that it would not consider any objection filed after that date.  *Id.*

Mr. Miller did not file an objection to the magistrate judge's recommendation by that extended deadline.  Instead, he filed an objection a month later, on December 16, 2013.  Because the objection was not timely filed, even with respect to the extension previously given, the Court does not consider it.

## FACTS

Mr. Miller, representing himself *pro se,* filed his "Prisoner Complaint" on January 1, 2012.  He alleged that in 2011, while he was incarcerated in the Teller County Detention Center,

sheriff's officers applied excessive force to him on several occasions in violation of the Eighth Amendment's prohibition of cruel and usual punishment.

The pending matter does not, however, concern the merits of his claims.  Judge Boland's recommendation that the case be dismissed with prejudice is based on a continuing series of Mr. Miller's failure to comply with court orders and his engaging in abusive litigation tactics, as detailed in the recommendation.  The recommendation also notes that the magistrate judge had advised Mr. Miller of the inappropriateness of his actions on more than one previous occasion and had warned him that a continuation of such practices could result in sanctions, including dismissal of the case with prejudice.

Ultimately the magistrate judge issued an order pursuant to local rule D.C.COLO.LCivR 41.1 (a copy of the local rules had previously been provided to Mr. Miller at his request) directing Mr. Miller to show cause why his case should not be dismissed for lack of prosecution or for failure to comply with procedural rules and court orders.  The magistrate judge found that Mr. Miller's explanation for his conduct (limited access to a law library, the effect of psychotropic medication) was "unconvincing given the numerous coherent and responsive papers filed by the plaintiff since this case was initiated." Recommendation at 4.  Judge Boland found that he had "repeatedly ordered the plaintiff to cease filing inappropriate papers;" that the "plaintiff has simply ignored my orders;" and that "the plaintiff has failed to show good cause for his noncompliance with my orders." *Id.*

The magistrate judge acknowledged that, as a *pro se* plaintiff, Mr. Miller's pleadings are entitled to a liberal construction, citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, he also noted that one's *pro se* status not relieve him of the obligation to follow procedural rules and court orders that govern other litigants, citing *Oklahoma Federated Gold*

3

*and Numismatics v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). *Id.* at 4. The court also applied the factors set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) in assessing whether the extreme sanction of dismissal of the case is appropriate. Judge Boland found that such a sanction is appropriate because (1) Mr. Miller's litigation conduct has prejudiced the defendants by causing substantial delay; (2) it has interfered with the judicial process; (3) he has been provided with explanations as to how to conform his conduct; (4) but he has ignored court orders, notwithstanding warnings that continued misconduct could result in dismissal of the case with prejudice. *Id.* at 5.

The magistrate judge concluded that "[a] sanction less than dismissal with prejudice would not be effective." Accordingly, he recommended that sanction to this Court. *Id.* at 6.

## CONCLUSIONS

As indicated above, Mr. Miller waived his right to a *de novo* review by his failure to file a timely objection to the recommendation. Frankly, his failure to do so, notwithstanding this Court's *sua sponte* grant of additional time and warning that it would not consider an objection filed after the extended deadline, is reflective of the conduct that ultimately exceeded the tolerance of the magistrate judge.

Nevertheless, I have reviewed pretty much the entire file to get a sense for myself of the actions, the directives, warnings, orders, etc. that got us to this point. I have done so with the teachings of the United States Supreme Court and the Tenth Circuit regarding treating *pro se* pleadings more liberally well in mind. I am satisfied that the magistrate judge applied the applicable law, including procedural rules, correctly and with patience. I am satisfied that the magistrate judge's factual findings were not clearly erroneous – indeed, not erroneous at all.

There comes a time when "enough is enough." This Court fully endorses and supports the magistrate judge's finding that that time came in this case.

**Order**

1. The recommendation of the magistrate judge [ECF No. 130] is ACCEPTED AND ADOPTED.

2. This civil action and all claims therein are dismissed with prejudice. Pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 defendants are awarded their costs.

3. Defendants' Motion to Compel [ECF No. 123] is MOOT.

4. Defendants' Motion for Summary Judgment [ECF No. 144] is MOOT. The Court apologizes to the parties for its failure to act on the magistrate judge's recommendation sooner, which might have prevented the time and effort involved in the preparation of this motion.

DATED this 29th day of January, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge